NO FEE

FILED
CLERK, U.S. DISTRICT COURT
JUN - 3 2024
CENTRAL DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court CENTRAL | District OF CALIFORNIA |
|---|---|
| Name *(under which you were convicted)*: William Millan Morales | Docket or Case No.: 2:24-cv-04830-ODW |
| Place of Confinement: Federal Correctional Institution, P.O.BOX 800, Herlong, CA 96113 | Prisoner No.: 78378-112 |
| UNITED STATES OF AMERICA | Movant *(include name under which convicted)* V. William Millan Moralez |

MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

United States District Court, Central California, 312 N.Spring St, Room G-8, Los Angeles, CA 90012

(b) Criminal docket or case number (if you know): CR19-00391-ODW

2. (a) Date of the judgment of conviction (if you know): Febuary 15, 2023

(b) Date of sentencing: Febuary 15, 2023

3. Length of sentence: 33 Months

4. Nature of crime (all counts):

18:111(a)(1), (B): Assault on Federal Employee Resulting in Bodily Injury

5. (a) What was your plea? (Check one)

(1) Not guilty ☐ (2) Guilty ☒ (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

N/A

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐ N/A

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☐ N/A

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction? Yes ☐ No ☒

9. If you did appeal, answer the following:

(a) Name of court: N/A

(b) Docket or case number (if you know): N/A

(c) Result: N/A

(d) Date of result (if you know): N/A

(e) Citation to the case (if you know): N/A

(f) Grounds raised:

N/A

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

(5) Grounds raised:

N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☐ No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

AO 243 (Rev. 09/17)

(4) Nature of the proceeding: N/A

(5) Grounds raised:

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐ N/A

(7) Result: N/A

(8) Date of result (if you know): N/A

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: N/A

(2) Docket of case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised:

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐ N/A

(7) Result: N/A

(8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐ N/A

(2) Second petition: Yes ☐ No ☐ N/A

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

See ATTACHMENT # 1, I just found out that this Conviction and Sentence is being use to Remove/Deportme, and I was not advised by DEfense Counsel that I was able to file a Direct Appeal nor a §2255 at all. and this is my First §2255

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: **WHETHER PETITIONER IS ENTITLED TO ONE YEAR TIME LIMITATION EQUITABLE TOLLING UNDER EXTRAORDINARY CIRCUMSTANCES, SIXTH AMENDMENT DEFICIENT PERFORMANCE BY DEFENSE COUNSEL......CONTINUE ON GROUNDS 2-4**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

My lawyer's performance was so bad that it renderes my open plea colloguy unknowingly, Involuntary, Unintelligently, Unfair and unreliable that the ONE year time limitation should be tolled under Extrardinary Circumtances or §2255(F)(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

While Incarcerated here at **FCI-Herlong,** I have learned from Immigration Officer (who came to see me on April 09, 2024) that upon completion of my sentence, I would be handed to Immigration Jurisdiction for Intent Removal/Deportation to Mexico **See ATAACHMENT # 1.**

At no time did my Attorney, Interpetor nor the Honorable Judge informed me about Immigration Consequences nor that I would be pleading.....**CONTINUE ON PAGE 13 FOR MORE SUPPORTING FACTS.**

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: I was not told by my Defense Counsel, INterpetor, nor the Judge that this Conviction or Sentence was going to be used to Remove/Deport me and was not told that I could file an Appeal by DEfense Counsel.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐ N/A

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?

Yes [ ] No [X]

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes [ ] No [ ] N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **See ATTACHMENT # 1,** I just found out that this Conviction and Sentence is being used to Remove/Deport me, and I was not advised by Defense Counsel that I was able to file a Direct Appeal nor a §2255 at al, and this is my First §2255

GROUND TWO: **WHETEHR COUNSEL'S PERFORMANCE FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENES UNDER "Padilla", 559 U.S. at 37 AND Hill V. Lockhard, 474 U.S. 52 (1985), Strickland V. Washington**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**See Supporting Facts to GRound ONE**

(b) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ] No [X]

AO 243 (Rev. 09/17)

(2) If you did not raise this issue in your direct appeal, explain why: I was not told by my Defense Counsel, Interpetor, nor the JUdge that this Conviction or Sentence was going to be used to Remove/Deport me and was not told that I could File an Appeal By Defense Counsel

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐ N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐ N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐ N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: See ATTACHMENT # 1, I just found out that this Conviction and Sentence is being used to REmove/Deport me, and I was not advised by defense counsel that I was able to file a Direct Appeal nor a §2255 at all.

AO 243 (Rev. 09/17)

GROUND THREE: WHETHER THE OPEN PLEA COLLOGUY WAS UNKNOWING, INVOLUNTARY, AND UNINTELLIGENTLY

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Supporting Facts to Ground ONE

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: I was not told by my Defense Counse, Interpetor, nor the judge that this Conviction or Sentence was going to be used to Remove/Deport me and was not told that I could file an appeal by Defense Counsel

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐ N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐ N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐ N/A

AO 243 (Rev. 09/17)

(6) If your answer to Question (c)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: See ATTACHMENT # 1, I just found out that this Conviction and Sentence is being used to Remove.Deport me, and I was not advised by defense counsel that I was able to file a Direct Appeal nor a §2255 at all.

GROUND FOUR: WHETHER PETITIONER'S OPEN PLEA SHOULD BE WITHDRAWN BECAUSE PLEA WAS INDUCED BY COUNSEL'S FAULTY LEGAL ADVICE REGARDING DEPORTATION/ REMOVAL CONSEQUENCES

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Supporting Facts to Ground ONE

(b) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: I was not told by my Defense Counsel, Interpetor, nor the Judge that this Conviction or Sentence was going to be used to Remove/Deport me and was not told that I could file an Appeal by Defense Counsel

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state: N/A

AO 243 (Rev. 09/17)

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐ N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐ N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐ N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **See ATTACHMENT # 1,** I just found out that this Conviction and Sentence is being used to Remove.Deport me, and I was not advised by defense counsel that I was able to file a Direct Appeal nor a §2255 at all.

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

None of the above stated Grounds have **NOT** previously been presented in any Court.

**See Attachment # 1** I just found out that this Conviction and Sentence is being used to Remove/Deport me, and **Attachment # 1** states that I am also have been convicted under 18 **U.S.C§** 111(b), I was told that I was just pleading Guilty to 18 **U.S.C** §111(a)(1) under an Alford plea, OPen Plea. and was not told that I could file Direct Appeal nor §2255 at all.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes [ ] No [X]

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing: Isabel Bussarakum, Federal Public Defender, 321 East 2nd Street, Los Abgeles, California 90012-4202

(b) At the arraignment and plea: Isabel Bussarakum, Federal Public Defender, 321 East 2nd Street, Los Abgeles, California 90012-4202

(c) At the trial: N/A

(d) At sentencing: Isabel Bussarakum, Federal Public Defender, 321 East 2nd St, Los Abgeles, California 90012-4202

(e) On appeal: N/A

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes [ ] No [X]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [X] No [ ]

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes [ ] No [X]

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

I was handed **(SEE ATATCHMENT # 1 Notice of Intent to Issue "FARO" )** By Immigration Agent on April 09, 2024, and have no other remedy available but to request for the ONE year time limitation to please be tooled under Exceptional Circumstances, Deficient Performance or §2255(F)(4), Because I was told by my Attorney that this Conviction, Sentence was **NOT** going to be used to Remove/Deport me if I would plea under **Alford Plea Factual Alegations** on an open plea.

This is the reason that no Direct Appeal nor a 28 U.S.C §2255 was filed within the proper one year time limitation......Please see Grounds 1-4 and Supporting facts.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

______________________________________________________________

or any other relief to which movant may be entitled.

______________________________
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ______________________ (month, date, year)

Executed (signed) on 5/30/24 (date)

William Morales
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

**CONTINUED FROM GROUND ONE SUPPORTING FACTS PAGE 5 ON §2255**

guilty to an Aggravated Felony, Which is subject to mandatory Removal/ Deportation.

I was told by Defense Counsel that I would be pleading guilty on an open plea (under Alford Plea) of **18 U.S. §111(a)** and that I would be sentenced to less than a year, and that she would be arguing for me to be released to drug rehabilitation and time served.

I did not know that ........ an open plea under **18 U.S.C §111(a)** would be acknowleged as an Aggravated Felony and that Removal/ Deportation was a possibility or Mandatory.

I have just learned that I was also convicted of **18 U.S.C §111(b)**, **SEE ATTACHMENT # 1** which is incorporated into **INA'S** definition of an "AGGRAVATED FELONY" under **8 U.S.C §1101(a)(43)(F).**

I did ask Defense Attorney if this case was going to be used to Remove/Deport me and she said **NO** and I was never told that I was pleading guilty to facts in **PSR** in support for factual allegations in open plea.

I was prejudiced by Defense Attorney's advise, Because I would not have plead guilty if I had been aware of the immigration consequences of my open plea, If I would have known that conviction under **18 U.S.C §111(a)** was going to be used as an AGGRAVATED FELONY to Remove/ Deport me (or that I was pleading Guilty to **18 U.S.C §111(b)**) I would **NOT** have plead guilty and would have insisted on going to trial in hopes of being Acquitted, I would have rejected an open plea because I am actually innocent of **18 U.S. §111 (b)** , all my family is here in the United States, I have been in this great country since the age of 21 years old, was working and had a defense that I never hit nor threaten the Mail Man (Mail Mans own words

to Police Officer)

I am respectfully requesting to withdraw the unknowing, Involuntary and unintelligently open plea and equitable tolling of the ONE year statute of limitation for filing **28 U.S.C §2255:**

> **"a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Menominee Indian Tribe of Wis V. United States, 577 U.S.__, 136 S.Ct.750, 7555, 193 L.Ed. 2d 652 (2016)(Quoting Holland V. Florida, 560 U.S. 631, 649, 130 S.Ct 2549, 177 L.Ed. 2d 130 (2010). The United States Supreme Court has held: That the SECOND prong of equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyound its control.**

I am cuurently in the custody of the United States Attorney General under this Honorable Court's Judgment entered Febuary 15, 2023 and now I am subject to an Intent **(See Attachment # 1)** Removal/Deportation, Immigration Agent came to see me on April 19, 2024 and have learned that I am also convicted under **18 U.S.C §111 (b)** (not just **18 U.S.C §111(a)(1)**).

I never filed an Appeal, Nor a §2255, believing that I would just serve my sentence and be release here in the United States.

I was told by Defense Counsel that I was **NOT** going to be Removed/Deported, If I would plea to an open plea under **Alford plea factual Allegations.**

I was handed **SEE ATATCHMENT # 1** and have no other remedy available but to request the ONE year time limitation to be tolled under Execeptional Circumstances or §2255 **(F)** which states 1-yaer period starts to run from latest of:

**(1)** The date on which Judgment of conviction becomes final.

**(2)** Date on which impendiment to making a motion created by the Government action in violation of Costitution or laws

of U.S. is removed, If movant was prevented from making motion by such Government action.

**(3)** date on which right initially recongnized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made Retroactively applicable on Collateral Review.

**(4)** date on which facts supporting claim(s0 presented could have been Discovered through due diligence.

Equitable tolling is warranted in rare Extraordinary circumstances outside petitioners control and as hear Attorney deceiving me into open plea by stating that conviction/sentence was not going to be used for Removal/Deportation caused me to waive Direct Appeal Review, File an **§2255** on time and of course going to trial in violation of the Constitution or Laws of the United States which leads to fundamental, Factual defects which inherently results in a complete miscarriage of justice in violation of Rule 11 of the Federal Rules of Criminal Procedure, **Padilla V. Kentuckey.**

Claims/Grounds could not have been raised earlier **SEE ATATCHMENT # 1,** I am respectfully requesting **§2255** relief based on a constitutional violation that have resulted in a fundamental miscarriage of justice, such as to the factual allegations, conviction of **18 U.S.C §111 (b)** innocent person.

**AN EVIDENTIARY HEARING IS REQUIRED WHEN THERE THERE ARE DUELING NARRATIVES ON MATERIAL ISSUES OF FACTS CRITICAL TO THE ISSUES?GROUNDS THAT NEEDS TO BE RESOLVED**

Petitioner believe's there are sufficient facts to Vacate Conviction, Sentence, There is overwhelming evidence that Defense Counsel mislead me into an open plea by stating to me that Conviction, Sentence was not going to be used to remove/deport me , This Court should simply order an Evidentiary Hearing to engage in the necessaru factfinding to ascertain whether **(SEE ANY AND ALL GROUND 1-4).**

An evidentiary hearing is required when there are dueling narratives on material issues/grounds of fact critical to the issue's that need to be resolved.**See 18 U.S.C §2255** ("unless the motion and the files and the record of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues/grounds and make findings of facts and conclusions of law with respect thereto"). " A hearing is mandatory whenever the record does not affirmatively manifest the factual legal invalidity of the petitioner's claim." **Baumann V. United States, 692 F.2d 565,571 (9th Cir. 1982); See also United States V. Howard, 381 F.3d 873, 877 (9th Cir. 2004)(§2255** requires hearing whenever a movant "**(1)** allege[s] specific acts which, if true, would entitle to relief; and **(2)** the petition, files and record of the case **[do not]** conclusively show that he is entitled to no relief") **United States V. Leonti, 326 F.3d 1111,11121 (9th Cir.2003)**("The standard for granting an evidentiary hearing entails assuming the truth" of the defendant's "factual allegations.").

Petitioner is entitled to equtable tollong **See,** **<u>Pliler V. Ford</u> 542 U.S. 225, 235 (2004):** Nothing that "if the petitioner is affirmatively mislead, either by the court or by the State. equitable tolling mite well be apprropriate.

Many of above stated claims/grounds are highly fact-specific making dismissal under Rule 4 (b) of the Rules Governing Section **2254 and 2255** cases particulary inappropate.

**CONCLUSION**

This Honorable Court should GRANT Petitioner's Claims/Grounds or hold an Evidentiary hearing and ORDER Government why §2255 ,otion/Petition should be be GRANTED.

**Executed On** 5/30/24
**Under 28 U.S.C§1746**

William Morales
**William Millan Morales**

**ATTACHMENT # 1**

## Notice of Intent to Issue a Final Administrative Removal Order

**In removal proceedings under section 238(b) of the Immigration and Nationality Act**

Event No: REN2307000022
File Number 098 931 184

To: WILLIAM MORALES

Address: In ICE Custody Reno, NEVADA,
(Number, Street, City, State and ZIP Code)

Telephone: (775) 789-3000
(Area Code and Phone Number)

Pursuant to section 238(b) of the Immigration and Nationality Act (Act) as amended, 8 U.S.C. 1228(b), the Department of Homeland Security (Department) has determined that you are amenable to administrative removal proceedings. The determination is based on the following allegations:

1. You are not a citizen or national of the United States.
2. You are a native of MEXICO and a citizen of MEXICO
3. You entered the United States (at)(near) Unknown Location on or about Unknown Date
4. At that time you entered wihtout inspection
5. You are not lawfully admitted for permanent residence.
6. You were, on February 15, 2023, convicted in the Unites States District Court Central District of California for the offense of Assault on a Federal Employee Resulting See I-831 in violation of 18:111(a)(1), (b) for which the term of imprisonment imposed was 33 months.

**Charge:**
You are deportable under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii), as amended, because you have been convicted of an aggravated felony as defined in section 101(a)(43)( F) of the Act, 8 U.S.C. 1101(a)(43)( F ).

Based upon section 238(b) of the Act, 8 U.S.C. 1228(b), the Department is serving upon you this NOTICE OF INTENT TO ISSUE A FINAL ADMINISTRATIVE REMOVAL ORDER ("Notice of Intent") without a hearing before an Immigration Judge.

**Your Rights and Responsibilities:**
You may be represented (at no expense to the United States government) by counsel, authorized to practice in this proceeding. If you wish legal advice and cannot afford it, you may contact legal counsel from the list of available free legal services provided to you.

You must respond to the above charges in writing to the Department address provided on the other side of this form within 10 calendar days of service of this notice (or 13 calendar days if service is by mail). **The Department must RECEIVE your response within that time period.**

In your response you may: request, for good cause, an extension of time; rebut the charges stated above (with supporting evidence); request an opportunity to review the government's evidence; admit deportability; designate the country to which you choose to be removed in the event that a final order of removal is issued (which designation the Department will honor only to the extent permitted under section 241of the Act, 8 U.S.C. 1231); and/or, if you fear persecution in any specific country or countries on account of race, religion, nationality, membership in a particular social group, or political opinion or, if you fear torture in any specific country or countries, you may request withholding of removal under section 241(b)(3) of the Act, 8 U.S.C. 1231(b)(3), or withholding/deferral of removal under the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (Convention Against Torture). A grant of withholding or deferral of removal would prohibit your return to a country or countries where you would be persecuted or tortured, but would not prevent your removal to a safe third country.

You have the right to remain in the United States for 14 calendar days so that you may file a petition for review of this order to the appropriate U.S. Circuit Court of Appeals as provided for in section 242 of the Act, 8 U.S.C. 1252. You may waive your right to remain in the United States for this 14-day period. If you do not file a petition for review within this 14-day period, you will still be allowed to file a petition from outside of the United States so long as that petition is filed with the appropriate U.S. Circuit Court of Appeals within 30 calendar days of the date of your final order of removal.

K 7667 ANDRUS - SDDO [signature] SDDO
(Signature and Title of Issuing Officer)

Reno, Nevada
(City and State of Issuance)

4/9/24 11:32Am
(Date and Time)




William Millan Morales
Reg No. 78378-112
Federal Correctional Institution
P.O.BOX 800
Herlong, CA 96113

Clerk of the Court
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
255 East Temple Street, Room 180
Los Angeles, CA 90012

CV

"Legal Mail"



CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE